## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

SUSAN C. SILLS                    *        DOCKET NO. 06-1654

VERSUS                            *

MAGNOLIA ESTATES, INC., ET AL.    *        MAGISTRATE JUDGE HAYES


### MEMORANDUM RULING

Before the court is defendant, Magnolia Estates, Inc.'s, Motion for Summary Judgment [doc. # 16].[1]  For reasons assigned below, the motion is **DENIED**.

### Background

On, or about October 22, 2005, Susan C. Sills purchased a 2006 Deer Valley 32' x 70', Model No. DV-7002 mobile home from Magnolia Estates, Inc. ("Magnolia").  (Petition, ¶ 3).[2] The mobile home was leveled, set, and tied down on November 7-8.  *Id*. at ¶ 5.  Later that same month, the mobile home caught fire.  *Id*. at ¶ 7.  Magnolia has adduced evidence that the fire was caused by a defective wire in the heating unit installed by the manufacturer.  (Shane Upshaw Affidavit; Def. Exh. A).

On June 29, 2006, Susan C. Sills filed the instant "Petition in Redhibition" in the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana.  Made defendants were the seller and manufacturer of the mobile home –  Magnolia and Deer Valley Home Builders, Inc., respectively.  (Petition, ¶ 1).  Due to various defects with the mobile home, plaintiff seeks

---

[1]  With the consent of all parties, the above-captioned matter was referred to the undersigned for the conduct of all further proceedings and the entry of judgment.  28 U.S.C. § 636(c).

[2]  The mobile home was manufactured by Deer Valley Home Builders, Inc.  *Id*.

rescission of the sale, return of the purchase price, and related damages.  (Petition, ¶¶ 10-11, Prayer).[3]

On September 22, 2006, Magnolia removed the case to federal court on the basis of diversity jurisdiction. 28 U.S.C. § 1332.  Magnolia filed the instant motion for summary judgment seeking dismissal of plaintiff's claims on February 7, 2007.  Following a delay for briefing, the matter is now before the court.

<u>Summary Judgment Principles</u>

Summary judgment is proper if the movant demonstrates that "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56;  *Lechuga v. Southern Pacific Transp. Co.*, 949 F.2d 790 (5th Cir. 1992).  "In order to defeat a properly supported motion for summary judgment, the nonmoving party must direct the court's attention to admissible evidence in the record which demonstrates that it can satisfy a "fair-minded jury" that it is entitled to a verdict in its favor."  *ContiCommodity Services, Inc. v. Ragan*, 63 F.3d 438, 441 (5th Cir. 1995)(citing, *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257 (5th Cir. 1991)).

In response to a properly supported motion for summary judgment, the non-movant may not rest upon the mere allegations or denials contained in the pleadings, but instead must set forth, by affidavit or otherwise, the specific facts showing that there is a genuine issue for trial.  Fed.R.Civ.P. 56(e).  In other words, once the moving party points to an absence of evidence in

---

[3]  The defects include faulty electrical wiring, an incomplete site setup, structural window problems, and serious plumbing deficiencies.  (Petition, ¶ 7).

the nonmoving party's case, the nonmovant must come forward with summary judgment evidence sufficient which, if introduced at trial, would suffice to prevent a directed verdict against the nonmovant.  *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995).

<u>Discussion</u>

Magnolia contends that as a non-manufacturing seller of the mobile home, it cannot be held liable for damages unless it knew or should have known that the mobile home was defective and failed to declare it.  *Jackson v. Sears Authorized Retail Dealer Store*, 821 So.2d 590, 593 (La. App. 2d Cir. 2002); *Slaid v. Evergreen Indem., Ltd.*,  745 So.2d 793, 797 (La. App. 2 Cir. 1999).  While Magnolia correctly sets forth the knowledge requirement for a tort action against a non-manufacturer seller, the instant petition seeks recovery in redhibition, not tort.[4]   A seller's lack of knowledge of an alleged defect does not preclude an action against it in redhibition.  *See*, La. Civ. Code. Art. 2531.

For the foregoing reasons, Magnolia has not demonstrated that there are no genuine issues of material fact such that it is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56. Accordingly, Magnolia's motion for summary judgment [doc. # 16] is hereby DENIED.

THUS DONE AND SIGNED at Monroe, Louisiana, this 5th day of March, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[4]  The requisite elements of the claim are set forth in the petition.  (Petition, ¶ 6, Prayer).

3