UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **SUSAN C. SILLS** | * | **DOCKET NO. 06-1654** |
| **VERSUS** | * | |
| **MAGNOLIA ESTATES, INC., ET AL.** | * | **MAGISTRATE JUDGE HAYES** |

### MEMORANDUM RULING and JUDGMENT

Before the court is a motion for summary judgment [doc. # 27], filed by defendant, Deer Valley Homebuilders, Inc. ("Deer Valley").[1] For reasons assigned below, the motion is **DENIED**.

### Background

On, or about October 22, 2005, Susan C. Sills purchased a 2006 Deer Valley 32' x 70' Model No. DV-7002 mobile home from Magnolia Estates, Inc. ("Magnolia"). (Petition, ¶ 3).[2] On November 7-8, 2005, Magnolia leveled, set, and tied down the mobile home in accordance with Deer Valley installation procedures. *Id*. at ¶ 5; Affidavit of Shane Upshaw, Exh. A to Magnolia's 1st Motion for Summary Judgment [doc. # 16]. On November 30, 2005, the mobile home caught fire either due to a defective wire in the heating unit installed by the manufacturer,[3]

---

[1] With the consent of all parties, the above-captioned matter was referred to the undersigned for the conduct of all further proceedings and the entry of judgment. 28 U.S.C. § 636(c).

[2] Deer Valley manufactured the mobile home. *Id*.

[3] Affidavit of Shane Upshaw, Exh. A to Magnolia's 1st Motion for Summary Judgment ("The Deer Valley representatives reported that the fire was caused by a defective wire found in the heating unit installed by Deer Valley."); March 31, 2006, Letter from Deer Valley to Louisiana Manufactured Housing Commission, Exh. 1 to Deposition of Jerry Ray Cooper, Jr., Pl. Exh. 7E.

or because a staple punctured a wire at, or near the heating unit.[4]

On June 29, 2006, Susan C. Sills filed the instant "Petition in Redhibition" in the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana. Made defendants were the seller and manufacturer of the mobile home – Magnolia and Deer Valley. (Petition, ¶ 1). Due to various defects with the mobile home, plaintiff seeks rescission of the sale, return of the purchase price, and related damages. (Petition, ¶¶ 10-11, Prayer).[5]

On September 22, 2006, Magnolia removed the case to federal court on the basis of diversity jurisdiction. 28 U.S.C. § 1332.[6] Deer Valley filed the instant motion for summary judgment seeking dismissal of plaintiff's claims on September 4, 2007. Following a delay for discovery and briefing, the matter is now before the court.

## Summary Judgment Principles

Summary judgment is proper if the movant demonstrates that "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; *Lechuga v. Southern Pacific Transp. Co.*, 949 F.2d 790 (5th Cir. 1992). "In order to defeat a properly supported motion for summary judgment, the nonmoving party must direct the court's attention to admissible evidence in the record which demonstrates that it can satisfy a "fair-minded jury" that it is entitled to a verdict in its favor." *ContiCommodity Services, Inc. v. Ragan*, 63 F.3d 438, 441 (5th Cir. 1995)(citing, *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257 (5th Cir. 1991)).

---

[4] Deposition of Henson S. Coon, III , Pl. Exh. 3.

[5] The defects include faulty electrical wiring, cosmetic issues, structural window problems, and serious plumbing deficiencies. (Petition, ¶ 7).

[6] Plaintiff has since resolved her claims against Magnolia; the settlement documents are pending. (January 30, 2008, Letter from Charles Joiner. [doc. # 39]).

2

In response to a properly supported motion for summary judgment, the non-movant may not rest upon the mere allegations or denials contained in the pleadings, but instead must set forth, by affidavit or otherwise, the specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). In other words, once the moving party points to an absence of evidence in the nonmoving party's case, the nonmovant must come forward with summary judgment evidence sufficient such that, if introduced at trial, it would suffice to prevent a directed verdict against the nonmovant. *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995).

## Discussion

Deer Valley contends that plaintiff cannot establish: 1) that the fire was caused by a redhibitory defect, 2) that the defect existed at the time the mobile home was sold, or 3) that any Deer Valley employee or contractor was aware of the redhibitory defect while the home was in Deer Valley's possession.

In Louisiana, sellers are bound by an implied warranty that the thing sold is free of hidden defects and is reasonably fit for the use contemplated by the buyer. *Young v. Ford Motor Co., Inc.*, 595 So.2d 1123 (La. 1992)(citing, *Rey v. Cuccia,* 298 So.2d 840 (La.1974)). This implied warranty is known as redhibition. The parties do not dispute that Deer Valley was the manufacturer of the mobile home at issue. (*See e.g.*, Def. Amend. Memo., pg. 1). A purchaser may bring a redhibitory action directly against the manufacturer. *Moreno's, Inc. v. Lake Charles Catholic High Schools, Inc.*, 315 So.2d 660, 662 (La. 1975); *MTU of North America, Inc. v. Raven Marine, Inc.*, 603 So.2d 803, 807-808 (La. App. 1st Cir. 1992).

In a redhibitory action,

> the plaintiff need only prove that the product contained a hidden vice at the time of the sale, not apparent by ordinary inspection, which subsequently renders the thing unfit for the use intended or that its use became so inconvenient or imperfect that it must be supposed that the purchaser would never have purchased the product had he known of the vice or defect. When the redhibitory action is

3

> against the manufacturer who is not the immediate seller, proof need only be made that the defect complained of was a defect in the manufacture of the product.

*Moreno's, Inc.*, 315 So.2d at 662 (citations omitted).[7]

In the case *sub judice*, plaintiff adduced evidence that the fire in her mobile home resulted from a defective wire in the manufacturer-installed heating unit or when a staple punctured a wire at, or near the heating unit. (*See*, footnotes 3-4, *supra*).[8]  There is no evidence that anyone tampered with the wire post-sale. *See*, discussion, *infra*.

A buyer must prove that the defect existed at the time of sale. *Rey v. Cuccia,* 298 So.2d 840, 843 (La. 1974).  Nonetheless, if the buyer

> proves that the product purchased is not reasonably fit for its intended use, it is sufficient that he prove that the object is thus defective, without his being required to prove the exact or underlying cause for its malfunction. . . . The buyer may prove the existence of redhibitory defects at the time of the sale not only by direct evidence of eyewitnesses, but also by circumstantial evidence giving rise to the reasonable inference that the defect existed at the time of the sale. . . .  If the defect appears within three days following the sale, it is presumed to have existed before the sale.  However, even where the defect appears more than three days after the sale . . . *if it appears soon after the thing is put into use, a reasonable inference may arise, in the absence of other explanation or intervening cause shown, that the defect existed at the time of the sale.*

*Rey, supra* (citations omitted) (emphasis added).

It is uncontroverted that the fire was caused by a wiring defect in the heating unit. *See*, discussion, *supra*.  Moreover, plaintiff presented evidence that her mobile home caught fire

---

[7] A manufacturer is presumed to know of a defect in its product. *Radalec, Inc. v. Automatic Firing Corp.*, 228 La. 116, 81 So.2d 830 (La. 1955).

[8] In a March 31, 2006, letter to the Louisiana Manufactured Housing Commission, Deer Valley opined that the fire was caused by a defective wire, but that it bore no responsibility because it did not manufacture the wire. (March 31, 2006, Letter from Deer Valley to Louisiana Manufactured Housing Commission, Exh. 1 to Deposition of Jerry Ray Cooper, Jr., Pl. Exh. 7E). However, a manufacturer may be liable in redhibition for parts which it did not manufacture, but which it incorporated into a final product. *See, Radalec, Inc., supra*.

within one hour after she turned the heating unit on for the first time. (Sills Depo., pgs. 53-54; Pl. Exh. 1). In the absence of other explanations, subsequently discovered defects may be inferred to have pre-existed the sale, when such defects do not customarily result from ordinary use. *Griffin v. Coleman Oldsmobile, Inc.*, 424 So.2d 1116, 1118 (La. App. 1st Cir. 1982).

To the extent that Deer Valley suggests that the fire might have been caused by post-sale installations or hookups, the record contains evidence that the fire was not caused by the air conditioning unit, and that no employee or contractor of Magnolia installed, serviced, or repaired the heating unit prior to the fire. (Affidavit of Shane Upshaw, Exh. A to Magnolia's 1st Motion for Summary Judgment). Due to the location of the defective wire beneath the home,[9] it is unlikely that plaintiff herself would have tampered with the wire prior to the fire.[10]

For the foregoing reasons, Deer Valley has not demonstrated that there are no genuine issues of material fact such that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. Accordingly, Deer Valley's motion for summary judgment [doc. # 27] is hereby **DENIED**.[11]

THUS DONE AND SIGNED at Monroe, Louisiana, this 4th day of February 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[9] *See*, Deposition of Henson Coon, III, pgs. 10-11; Pl. Exh. 3.

[10] To meet her burden, plaintiff need not negate all other possible causes; she need only exclude other reasonable hypotheses with a fair amount of certainty. *Moreno's, Inc., supra.*

[11] In addition to the fire, plaintiff alleged other redhibitory defects with the mobile home. (Petition, ¶ 7). Defendant's motion does not address these alleged defects, and thus the motion is further denied on this basis.